IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICTOR BRADSHAW, GDC-327970, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-714-TMH |
| ) | [WO] |
| ) | |
| EUFAULA POLICE DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Victor Bradshaw ["Bradshaw"], an inmate currently confined at the Wheeler Correctional Facility in Alamo, Georgia, on September 25, 2013.[1] In this complaint, Bradshaw challenges the constitutionality of his extradition from Alabama to Georgia in June of 2010.

Upon initiation of this case, Bradshaw filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring

---

[1] Although the Clerk of this Court stamped the complaint "received" on September 30, 2013, Bradshaw verified execution of the complaint on September 25, 2013. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Bradshaw] signed it..." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers September 25, 2013 as the date of filing.

a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

## II. DISCUSSION

The records of the United States District Court for the Middle District of Georgia establish that Bradshaw, while incarcerated or detained, has on at least three occasions had civil actions or appeals dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Bradshaw v. Governor of Georgia, et* al., Case No. 4:12-CV-11 (CDL) (M.D. Ga. 2012); (2) *Bradshaw v. Doe*, Case No. 5:11-CV-362 (CAR) (M.D. Ga. 2011); (3) *Bradshaw v. Chattahoochee Judicial Circuit*, Case No. 4:11-CV-121

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

(CDL) (M.D. Ga. 2011).[3] As Bradshaw has "three strikes" related to prior federal civil actions, he cannot proceed *in forma pauperis* unless he qualifies for the "imminent danger" exception to § 1915(g).

In the instant complaint, Bradshaw alleges that the defendants violated his constitutional rights with respect to his extradition from Alabama to Georgia in June of 2010. Bradshaw asserts that the mere fact of his incarceration, standing alone, renders him in imminent danger of serious physical injury. *Complaint - Doc. No. 1* at 3 ("I am currently incarcerated in prison. I am currently at any time around inmates with serious offenses. The prison is placed on lock down very often about incidents within the prison. It is not ever known exactly what could or would happen, any place within the prison."). This purely speculative claim of possible future injury utterly and completely fails to demonstrate that Bradshaw was, in fact, "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to

---

[3] The United States District Court for the Middle District of Georgia relied on these same three cases in dismissing a similar complaint filed by Bradshaw as violative of 28 U.S.C. § 1915(g). *Bradshaw v. Georgia Dept. of Corrections, et al.*, Case No. 4:13-CV-73 (CDL) (M.D. Ga. April 4, 2013). The Georgia court further noted that "[i]n each of the above cases, [Bradshaw] challenged his arrest or extradition from Alabama. As there exists two independent reasons for dismissal of the instant lawsuit, the Court need not consider whether res judicata or collateral estoppel bars this lawsuit or Plaintiff's claims." *Id. - Order of Dismissal* at 2 n.2.

circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).). Based on the foregoing, the court concludes that Bradshaw's motion for leave to proceed *in forma pauperis* is due to be denied and that this case is subject to summary dismissal without prejudice as Bradshaw failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he **initiates** the suit.").

In addition, "[e]ven if [Bradshaw] had not incurred three strikes prior to filing this lawsuit, his complaint would be subject to dismissal [as untimely filed]. The length of the statute of limitations for filing a section 1983 action is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)." *Bradshaw v. Georgia Dept. of Corrections, et al.*, Case No. 4:13-CV-73 (CDL) (M.D. April 4, 2013) - *Order of Dismissal* at 3. In Alabama, the statute of limitations for a section 1983 action is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in

Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.").  The tolling provision of *Ala. Code* § 6-2-8(a) is unavailing.[4]  Because Bradshaw initiated this cause of action more than three years after his extradition, the claims raised herein are barred by the applicable two-year period of limitation.[5]

### III.  CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Victor Bradshaw (Doc. No. 2) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before October 22, 2013 the parties may file objections to the

---

[4] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a).  The complaint demonstrates that Bradshaw was not legally insane at the time of the challenged events or at any time thereafter so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[5] Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of October, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE